MAYBELLE G. WHITMARSH, *et al vs.* BERTHA E. STREETER, *et al.*

MAY 24, 1939.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to remove an alleged cloud on the title of the complainants to a certain parcel of real estate situated on Chalkstone avenue in the city of Providence. The complainants alleged that they are the sole heirs at law and next of kin of Dr. Sheffield Smith, late of North Providence, deceased, intestate. Each respondent is a grantee of record of the parcel of land in question, and each claims sole title in herself by virtue of a deed from Dr. Smith made and executed by him in his lifetime. The claim of each respondent is thus antagonistic to the other as well as to the claim of the complainants.

The cause was heard in the superior court on bill, answers and proof, and at the conclusion of the hearing was taken under advisement by the trial justice. Later he filed a rescript in which he gave decision for the complainants. In accordance with his decision a decree was duly entered in the superior court, declaring the deed to re-

spondent Elizabeth Lillian Hogg and the deed to respondent Bertha E. Streeter to be clouds on the title of the complainants, and ordering said respondents to make, execute and deliver to the complainants any and all instruments necessary to remove said clouds.

From this decree the respondent Streeter duly claimed an appeal to this court. She has set out in her claim numerous reasons of appeal but it may fairly be said that the essence of her claim is that the decision of the trial justice is clearly against the evidence and the weight thereof.

The respondent Hogg did not claim an appeal. However, in order to appreciate the force and effect of the conflicting contentions of the complainants and the respondent Streeter, it is necessary to make a brief summary of the principal facts in evidence concerning the Hogg claim as well as the Streeter claim.

Doctor Smith died on August 15, 1937, at the age of eighty-three. His wife had died a few months before, on April 3, 1937. During the latter part of their life together, the respondent Hogg, a near neightbor, served in the capacity of an office assistant to the doctor and as a companion to Mrs. Smith. Miss Hogg had given up her employment in the office of the Esmond Mills in June 1931 at the request of both Dr. Smith and his wife; thereafter Miss Hogg devoted her services to them on their assurance that if she would do so they would leave her everything they had. In earnest of this promise they both joined in a deed to her, dated June 25, 1931, of the real estate in question here. It was understood, however, between her and Dr. Smith that she would not put this deed on record and that it did not then actually give the property to her but was dependent upon her fulfillment of certain conditions in the future.

Miss Hogg served both of them to their satisfaction until sometime shortly after Mrs. Smith's death, when the doctor became dissatisfied because she would not accompany him

on a trip to the West. She had previously accompanied him and Mrs. Smith on several trips; and in 1922 had gone with them on an extended trip to points of scenic interest in the West and in Canada. Doctor Smith apparently could not understand why Miss Hogg should not again accompany him. She urged him not to go as she said he was not in a condition, either physically or mentally, to do so. He had not been well for several years and after the death of Mrs. Smith he had become very moody. Nevertheless, he insisted on making the trip and told her that Mrs. Smith had understood that if she died first she expected Miss Hogg would take care of him and go with him anywhere he wished. Miss Hogg persisted in her refusal and thereupon the doctor quarreled with her and sought some one who would accompany him.

Doctor Smith found such a person in Mrs. Streeter, an old friend, whom he had known since her babyhood and whose mother had been an intimate friend of Mrs. Smith before and after her marriage to Dr. Smith. Mrs. Streeter frequently visited the Smiths with her mother and she had always called Mrs. Smith "Aunt". Doctor Smith, she testified, often called her "niece". She consented to accompany the doctor on his trip and did so. Before they left he came to her house on July 6, 1937, and told her that he had made a deed to her of the real estate in question here, and that he had that day left it for record at the office of the recorder of deeds. He also told her then that the prior deed to Miss Hogg was no good as he had given it to her with the understanding that she was not to record it until he died and that she was to do certain things for him which she had failed to do, and had broken faith with him. Mrs. Streeter also testified that the doctor, at the time he asked her to accompany him on the trip, told her he had asked other people to go with him but they had declined.

Some time after they returned from the trip the doctor

handed her husband an envelope containing the deed and said to her: "Here is your deed, Bertha." This was on August 6, 1937. The deed was mailed to the doctor at his residence on July 25, 1937. He did not receive it until he returned from the trip on August 4, 1937. Mrs. Streeter testified that the doctor gave her the property and that there was no consideration for the deed. She denied that he had ever asked her to reconvey the property to him or that there was any understanding between them that she would reconvey whenever he asked her to do so.

However, Miss Hogg testified that on the day after the Streeter deed was recorded Mrs. Streeter personally called on her and asked her if she had seen the record in the paper and she said "Yes"; that Mrs. Streeter then said she didn't want Miss Hogg to feel that she had influenced the doctor; that Dr. Smith had had this deed recorded and that he had sent her to say that he wanted Miss Hogg to go to his house and talk with him; that she further said that if Miss Hogg would go she would give her a life interest in the real estate and that Dr. Smith had told her "to say that."

Mrs. Streeter testified that she did not remember such a conversation. She admitted going to Miss Hogg's home on the day testified to by Miss Hogg and that the doctor drove her there, but she denied that the doctor told her to call.

Attorney Bucklin testified that on the Friday evening before the doctor's death when he called at the doctor's home in response to a telephone call, Mrs. Streeter was there and that she had talked with him about the call which she had made on Miss Hogg. He testified that she told him the doctor had driven her over to fix things up with Miss Hogg, and that the doctor had said to her that the notice of the recording of the deed to Mrs. Streeter would bring Miss Hogg around. Mr. Bucklin also testified that after the doctor had consulted him about

drawing the Streeter deed and after it was ready for the doctor's signature—which was sometime in the latter part of June 1937—Dr. Smith stopped in at his office on another matter and said he did not want to sign the deed then; that the doctor said: "I am trying to do something . . . and the next time I come down—I will be down in a day or two and I will probably execute it at that time, but it may not be necessary, John." He further testified that Dr. Smith came in again five or six days later and seemed to be somewhat agitated. At first he talked about a number of things not pertaining to the deed, and then he jumped up from his seat and said: "Well, I will sign that"; and also that he mumbled: "This will bring her around all right"; and "I probably won't record this"; and "if I do record it I can get it back any time and I have got an understanding with Bertha anyway."

There was much more testimony along this line and apparently to the effect that the execution of the deed to Bertha E. Streeter and the possible recording of it was for some special purpose which the doctor had in mind but concerning which attorney Bucklin testified he did not question Dr. Smith.

There was also a great deal of testimony from Mr. and Mrs. Streeter and Miss Hogg, concerning the Streeter deed and what was said about that deed at various times by those who were involved in or affected by it. All of this testimony was highly conflicting. Where the truth lay depended almost entirely upon the credibility of those who testified. What the nature of the Streeter deed was, whether it was merely to cover something else which the doctor had in mind, or whether it was a *bona fide* deed, divesting himself of the title and all control over the real estate in question, depended in the last analysis upon the facts testified to by the witnesses.

On this evidence the trial justice found that the deed to Mrs. Streeter was made without consideration, that it

was not the intention of the grantor that it should take effect to convey away his title to the property but that it was more or less in the nature of a threat by Dr. Smith to induce Miss Hogg to accompany him on the trip he desired to take.

The trial justice further stated that, after careful consideration of the testimony with the inferences clearly deducible therefrom and having in mind the appearance of the parties themselves on the witness stand, he felt that neither deed operated to vest any estate, title or interest in either Elizabeth Lillian Hogg or Bertha E. Streeter, the respondents.

There is no question that there is a conflict in the evidence in this case and that different inferences may be reasonably drawn therefrom. In the light of Dr. Smith's statements with reference to these deeds as testified to by the various witnesses, it is not clear from the testimony at times just what he really intended by them. It is not unreasonable, however, to infer from all the evidence that he never intended by either deed to divest himself of his title to this real estate. The trial justice has adopted that inference and has informed us in his rescript that in doing so he has kept in mind the demeanor of the parties on the witness stand. No citation of authority is necessary to show that, unless he is clearly wrong, his findings will not be disturbed.

We have carefully examined the transcript and weighed the critical comments in respondent Streeter's brief on certain portions of the trial justice's rescript, but we are not convinced that the evidence justified any of such comments on matters which have vital bearing on his decision. It is true that at the conclusion of the evidence he observed from the bench that, if certain things were established, he would think the Streeter deed was good; but it is clear to us that he was not then making any decision but was making a statement to guide counsel in

furnishing him with authority on certain legal points which would help him upon his further consideration of the case. Under the circumstances we look for his decision, not in any remarks which may have fallen from him at such a time, but in his rescript, where he has officially announced his decision with his reasons therefor.

From our examination of the evidence we cannot say that his decision is clearly wrong. On the contrary, we are of the opinion that it is based upon a reasonable view of the evidence.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*J. Raymond Dubee,* for complainants.

*Ernst T. Voigt; Voigt, Wright, Munroe & Clason,* for respondent Streeter.